The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REBECCA RUDOLPH, )
)
                                Plaintiff, )   No. 2:11-cv-01363 MJP
)
     v. )   STIPULATED PROTECTIVE AND
)   CONFIDENTIALITY ORDER
STANDARD INSURANCE COMPANY, )
)   AND
                                Defendant. )
)   PROTECTIVE AND
)   CONFIDENTIALITY ORDER
)
)

## I.  STIPULATION

The parties stipulate to the entry of the attached order pursuant to Fed. R. Civ. P. 26(c).

DATED this 25th day of July, 2012.

KELLER ROHRBACK L.L.P.

                                                HACKETT, BEECHER & HART

By ___/s Isaac Ruiz_____
William C. Smart, WSBA #8192         By ___/s David LeMaster_____
Isaac Ruiz, WSBA #35237                David LeMaster, WSBA # 22874
*Attorneys for Plaintiff Rebecca Rudolph*   *Attorneys for Standard Insurance Company*

STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
AND PROTECTIVE AND CONFIDENTIALITY ORDER - Page 1
Case No. No. 3:11-cv-05598

## II.   [PROPOSED] ORDER

Pursuant to the Stipulation of the parties, the following procedures shall govern the Action, including the production and use of all Discovery Material.

### Definitions

1.   For purposes of this Order, the following capitalized terms have the following meanings:

   A.   "Action" means the above captioned lawsuit.

   B.   "Confidential Information" means trade secret or other proprietary or confidential business, technical, sales, marketing, financial, or other commercial information that the Producing Party would not disclose to third parties or that it would cause third parties to maintain in confidence. Confidential Information further includes, but is not limited to: customer lists; information that a party has treated as confidential and is not subject to public disclosure; all non-public materials that contain trade secret or other confidential research, development, or commercial information; information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party, and any other information that would qualify as Confidential pursuant to Fed. R. Civ. P. 26(c) or any other legal standard.

   C.   "Discovery Material" means documents, testimony, interrogatory answers, and/or other information produced, given, or exchanged in connection with discovery in the Action.

   D.   "Order" means this Stipulated Protective and Confidentiality Order.

E. "Producing Party" means any party or non-party to the Action that produces Discovery Material.

F. "Receiving Party" means the party to the Action that receives Discovery Material.

## Unauthorized Disclosure Prohibited

2. All persons who receive Confidential Information must use reasonable efforts to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it. Confidential Information shall be used solely for the purposes of conducting the Action and for no other purposes.

## Designation of Confidential Information

3. The Producing Party may designate information or documents that are produced or exchanged in the course of discovery as Confidential Information by stamping each page containing Confidential Information (or the entire document) with the legend "CONFIDENTIAL" before that page is produced or exchanged. If such designation is not feasible (e.g. in the case of certain electronic documents), then such designation may be made by informing the other parties in writing. With respect to documents claimed by the producing party to be proprietary, the producing party shall only designate such documents as "CONFIDENTIAL" if that party has a good faith basis for claiming trade secrecy under RCW 19.108.010.

4. Confidential Information may not be copied or reproduced for use in the Action except to the extent such copying or reproduction is reasonably necessary, in the good faith judgment of counsel, to the conduct of the Action, and all such copies or reproductions are subject

to the terms of this Order. Any copy or reproduction of Confidential Information must preserve the confidentiality designation that appears on the produced documents.

5. All documents made available for inspection by the Receiving Party will be treated as if designated as Confidential Information until such time as the Receiving Party specifies which of those documents it wants copied and produced. At the time of production, the Producing Party must designate the documents as Confidential Information as provided in Paragraph 3 above. Documents not so designated at the time of production will no longer be deemed Confidential Information.

6. If any party so requests on the record during a deposition, the transcript of a deposition will be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel to give the parties an opportunity to designate information contained in that transcript as Confidential Information. Within such thirty (30) day period, a deponent or counsel for the deponent must designate in writing the portions of the deponent's deposition transcript that contain Confidential Information by page and line number, and must communicate such designations in writing to the parties. Those portions of the transcript not so designated within thirty (30) days will not be considered thereafter as Confidential Information under the provisions of this Order. Any party, non-party, or deponent may also designate specific testimony or transcript pages as Confidential Information by notice on the record at the deposition.

7. Responses to document requests, interrogatories, and requests for admission may be designated Confidential Information by so indicating in the response.

**Permissible Disclosure of Confidential Information**

8.     Confidential Information may be disclosed by the Receiving Party only to those persons identified in Paragraph 9 below. All persons receiving Confidential Information are bound by the terms of this Order. If any person violates or threatens to violate any of the terms hereof, the Producing Party may seek any appropriate relief in this Court.

9.     Any party receiving Confidential Information may disclose or make available such information only to the following persons:

   A.     This Court and any appellate court, including court personnel, subject to Paragraphs below;

   B.     Counsel to the parties to the Action (including in-house counsel) and legal assistants, secretaries, or staff working with or for such counsel in connection with the Action to the extent necessary to render professional services in the Action;

   C.     Court reporters in their capacity as such;

   D.     Outside service vendors, such as copy, translation, coding ,and scanning services, as necessary for them to perform such services for the Receiving Party in the Action;

   E.     Any person identified as an author of the document or any person to whom a copy of such document was sent before its production in the Action;

   F.     Any other person expected to be a deponent or fact witness in the Action who a party believes, in good faith, needs to see the information for purposes of his or her testimony in the Action, subject to the procedure described in Paragraph 12 below.

   G.     Outside experts, technical advisors or consultants retained by counsel to any party to the Action, subject to the procedure described in Paragraph 12 below;

H.     Any mediator or arbitrator engaged by the parties to the Action for the purpose of resolving all or any part of the Action; and

I.     A party to the Action.

Persons not authorized to receive Confidential Information pursuant to Paragraph 9 above will be excluded at the request of the Producing Party from attending any portion of a deposition while such information is disclosed.

### Confidentiality Undertaking

10.     Before a party discloses Confidential Information pursuant to Paragraphs 9(f) or 9(g) above, counsel for the party disclosing such information must (i) deliver a copy of this Order to the individual to whom disclosure is to be made; and (ii) have the individual sign a certification in the form of Exhibit A hereto whereby the individual agrees to be bound by the terms of the Order. Alternatively, obtaining an agreement from a deponent, on the record, that he or she has reviewed the Order and agrees to be bound by its terms shall be sufficient to satisfy the terms of this paragraph. Producing Party's former officers, directors, trustees, agents, partners, representatives, and employees, called as deponents, may not unreasonably withhold signature and agreement to the terms of the certification. The requirements set forth in this paragraph will not apply to a Producing Party's current officers, directors, trustees, agents, partners, representatives, and employees that are shown its Confidential Information.

11.     Notwithstanding the provisions of Paragraph 9 above, a party may use Confidential Information at a deposition of a deponent who has not already signed the certification in the form of Exhibit A hereto, in which case, the party's obligation shall be to ask in good faith that the deponent sign the certification, but the party's right to proceed with the deposition shall not depend on the deponent's willingness to do so. In the event a deponent being shown Confidential

Information refuses to sign the certification, the deponent shall not be permitted to retain, reproduce, or copy all or any part of the Confidential Information.

12. Notwithstanding the provisions of Paragraph 9 above, a person or party is free to disclose its own Confidential Information without restriction. Moreover, nothing prevents disclosure beyond the terms of this Order if the Producing Party or its counsel expressly consents to such disclosure, either in writing or on the record of any proceeding in the Action. Such consent must be given if it is shown that disclosure of Confidential Information to persons other than those listed in Paragraph 9 is reasonably necessary to the prosecution or defense of the claims or counterclaims in the Action. If the parties cannot agree on whether such disclosure is reasonably necessary, they may request that the Court resolve the matter.

## Challenges to Designations of Confidentiality

13. Any Receiving Party in the Action may object at any time during the pendency of the Action to the designation of Discovery Material as Confidential Information. The objection must be made in writing to counsel for the Producing Party. Counsel must confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement, the objecting party may move the Court for an order compelling redesignation of the material in question. The Producing Party bears the burden of proof concerning confidentiality. All materials whose designation is contested in this manner will continue to be treated as Confidential Information as designated by the Producing Party, unless and until the parties agree or the Court rules to the contrary.

## Filing Under Seal

14. If a party wishes to file a document marked "Confidential" or "Trade Secret" with the Court, in connection with a motion, the following procedures shall apply: Counsel shall meet

STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
AND PROTECTIVE AND CONFIDENTIALITY ORDER - Page 7
Case No. No. 3:11-cv-05598

and confer before filing documents under seal. To the extent possible, counsel shall submit, along with any document filed under seal, a stipulation and proposed order reciting the reasons for sealing the document. *See* Local Rule CR 5(g)(2); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Inc. Co.,* 331 F.3d 1122 (9th Cir. 2003). If counsel cannot reach agreement, then a properly noted motion to seal must be filed *contemporaneously* with the sealed document. If the party wishing to submit the material is not the party designating the material as confidential, the party wishing to submit the material shall provide at least 7 days notice to the other party(ies), so that a motion to seal, if necessary, may be filed *at the same time* as the material is submitted under seal to the Court.  Counsel shall use the Case Management and Electronic Case Files ("CM/ECF") system to present materials under seal; counsel shall not provide original sealed materials to chambers and shall not provide working copies to chambers unless the materials are voluminous and working copies would otherwise be required under Local Rule CR 10(e)(8). With respect to Confidential Information to be used at trial, the Court ordinarily will treat trial exhibits and testimony as a matter of public record, except as provided in Federal Rule of Civil Procedure 5.2 and Local Rule CR 5.2. The parties, however, shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the confidentiality of information to be used at trial and a method for maintaining the confidentiality of such information. At the Pretrial Conference, the parties may present, by motion or stipulation a proposed method for maintaining confidentiality. Nothing in this paragraph, however,  shall be construed as constraining the Court's authority to treat trial exhibits and testimony as matters of public record.

15. Nothing in this Order operates as an admission by any party that any particular Discovery Material is or is not admissible in evidence at a hearing or the trial of the Action.

### Production of Confidential Information in Response to Compulsory Process

16. Nothing in this Order prevents any Receiving Party from producing such Confidential Information in response to a lawful subpoena or other compulsory process, *provided, however,* that the Receiving Party must, as soon as reasonably practical and in any event before producing any Confidential Information, give notice thereof to the Producing Party. Such notification must, at a minimum, identify the Confidential Information sought and include a copy of the subpoena or other compulsory process so as to afford the Producing Party a reasonable opportunity to seek a protective order and, if possible, a stay of the time for response to the subpoena or other compulsory process. Nothing in this Order requires the Receiving Party or anyone else covered by this Order to challenge any order requiring production of Confidential Information, subject herself, himself, or itself to any penalties for noncompliance with any such order, or to seek any relief from this Court. Notwithstanding the foregoing, nothing herein shall prohibit the Receiving Party from disclosing any Confidential Information to any governmental agency, regulatory authority or self-regulatory authority or self regulatory authority.

> If Confidential Information is produced pursuant to subpoena or other compulsory process, it must continue to be treated as Confidential Information by all persons subject to this Order unless and until the Court otherwise directs.

### Reservation of Rights

17. Stipulating to entry of this Order, agreeing to produce or producing Confidential Information, or otherwise complying with the terms of this Order will not:

STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
AND PROTECTIVE AND CONFIDENTIALITY ORDER - Page 9
Case No. No. 3:11-cv-05598

  A. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

  B. Operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

  C. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

  D. Prejudice in any way the rights of a party as to whether any Confidential Information should be subject to the terms of this Order; or

  E. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information.

18. Any party may apply to the Court for an order modifying this Order, and nothing in this Order will be deemed to prevent such application. This Order also may be modified with the consent of all parties hereto and approval by the Court or by the Court on its own motion and nothing in this Order will be deemed to prevent such modification.

### Procedure upon Termination of Litigation

19. Within sixty (60) days after judgment, dismissal or other resolution of the Action becomes final and nonappealable, counsel for each Receiving Party must provide the Producing Party with a certificate of compliance stating that the Receiving Party returned to each Producing Party all copies of the Confidential Information produced by the Producing Party or destroyed all Discovery Material containing Confidential Information (including all copies of Discovery Material containing Confidential Information made by the recipient and other persons to whom the recipient disclosed Confidential Information). Counsel for the parties may, however, retain court papers, depositions,

STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
AND PROTECTIVE AND CONFIDENTIALITY ORDER - Page 10
Case No. No. 3:11-cv-05598

hearing and trial transcripts and attorney work product (including Confidential Information that is referred to or attached to any attorney work product), but any Confidential Information contained in such materials may not be disclosed to any other person, except as provided for in this Order.

### Additional Parties and Non-Parties to The Action

20. In the event additional parties join or are joined in the Action, they may not have access to Confidential Information until the newly joined party by its counsel has executed and filed with the Court its agreement to be bound fully by this Order.

21. Non-parties may avail themselves of the protections of this Protective Order and may designate materials that they produce as Confidential Information, upon agreeing to the terms of this Order.

### Claw Back Provision

22. All discovery in the case is subject to Fed. R. Civ. P. 26(b)(5)(B), which provides:

> (B) Information Produced. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

25. The parties further stipulate and agree that they will abide by the above-referenced terms from the date of signing of this Stipulated Protective and Confidentiality Order, and agree that the validity of the stipulation does not depend upon the approval or entry of the Order by the Court.

STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
AND PROTECTIVE AND CONFIDENTIALITY ORDER - Page 11
Case No. No. 3:11-cv-05598

## Duration of Order

This Order is effective immediately and survives the conclusion of the Action. This Order is entered pursuant to the parties' stipulation, Docket No. __, and this Stipulated Protective and Confidentiality Order is hereby APPROVED and ENTERED.

**IT IS SO ORDERED.**

Dated this _6th_ day of July, 2012.

_____
Marsha J. Pechman
United States District Judge

Presented by:

KELLER ROHRBACK L.L.P.

By *s/*Isaac Ruiz_____
William C. Smart, WSBA #8192
Isaac Ruiz, WSBA #35237
*Attorneys for Plaintiff Rebecca Rudolph*

Approved as to form:

HACKETT, BEECHER & HART

By __/s David LeMaster_____
David LeMaster, WSBA # 22874
*Attorneys for Standard Insurance Company*

STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
AND PROTECTIVE AND CONFIDENTIALITY ORDER - Page 12
Case No. No. 3:11-cv-05598

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

David A. LeMaster
Hackett, Beecher & Hart
1601 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: (206) 624-2200
Fax: (206) 624-1767
dlemaster@hackettbeecher.com
Counsel for Defendant

*Shannon McKeon*
Shannon McKeon

**EXHIBIT A: ACKNOWLEDGEMENT AND CONSENT**

I hereby certify that: (i) I have read the Stipulated Protective and Confidentiality Order that the Court has entered in the Action, and I understand its terms; (ii) I understand that discovery material designated as Confidential Information under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential Information and limiting the use of such material to the conduct of the Action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Western District of Washington for purposes of enforcement of the Order.

Dated: _____        Signature: _____