1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  REBECCA RUDOLPH,                      CASE NO. C11-1363 MJP

11                      Plaintiff,         ORDER DENYING PARTIAL
                                          SUMMARY JUDGMENT

12          v.

13  STANDARD INSURANCE COMPANY,

14                      Defendant.

15

16          THIS MATTER comes before the Court on Plaintiff Dr. Rebecca Rudolph's

17  (Rudolph) motion for partial summary judgment against Defendant Standard Insurance

18  (Standard). Plaintiff seeks partial summary judgment holding: (1) that Rudolph has been disabled

19  from her occupation since at least July 2007 (2) that Rudolph is entitled to coverage under the

20  LTD policy and (3) that Standard violated industry standards and the Washington Unfair Claims

21  Settlement Practices Regulation (WAC 284-30) at least by (a) misrepresenting facts or policy

22  provisions, (b) failing to perform a full and fair investigation before denying coverage, (c) failing

23  to complete the investigation in a timely fashion, and (d) failing to provide a reasonable

24  explanation of the basis for denial in relation to the facts and applicable law.  The Court has

considered the motion, response, reply, surreply and all related documents. Because there are several issues of material fact remaining, summary judgment is DENIED as to all claims.

**Background**

Plaintiff Dr. Rebecca Rudolph was an internal medicine physician/research scientist at Fred Hutchinson Cancer and Research Center at the Veterans Affairs Puget Sound Health Care System. (Dkt. No. 32 at 2.) Rudolph was issued a long term disability (LTD) Conversion Insurance Certificate (the Policy) by Defendant Standard Insurance effective October 1, 2003. (Dkt. No. 41 at 2.)

Rudolph claims to have become disabled in July 2007, and made her LTD claim in March of 2008. (Dkt. No. 32 at 2.) Standard denied Rudolph's claim. Had her claim been approved, her gross monthly benefit would have been $4,000.00, not including any applicable offsets for deductible income from other sources, and she would have begun receiving monthly benefits in January 2008. (Dkt. No. 1 at 3.) When she made the claim, Rudolph provided Standard with medical records and other information indicating she was diagnosed with various vision disorders. (Id. at 7.) At some point, unclear from the record and apparently not disclosed to Standard, Rudolph also complained of or exhibited symptoms of depression and anxiety.

Standard evaluated the claim initially based on medical records submitted by Rudolph, and denied her claim first in July of 2008 after having her records reviewed by medical consultants. (Dkt. No 34-1.) They offered Rudolph the opportunity to appeal, which she did on August 25, 2008. (Id.) The appeal letter from Standard indicated that the process would take up to 120 days, and would be completed by individuals who were not involved in the initial claim. (Id.) On December 1, 2008, the same claims agent who handled the initial claim sent Rudolph a letter affirming the decision to deny the claim. (Dkt. No. 32 at 7.)

1    Standard, without requiring further action from Rudolph, did a second level of appeal

2    before an Administrative Review Board. On February 18, 2009 Standard sent Rudolph for an

3    insurer's medical examination with Dr. Earl Palmer, an ophthalmologist. (Id.) Dr. Palmer

4    concluded that there was no physical cause for Rudolph's complaints and there was an

5    "emotional overlay." (Id.) Standard denied the second appeal on February 24, 2009.

6    Standard required Rudolph to apply for Social Security Disability (SSA). On March 31,

7    2010 SSA found Rudolph totally disabled, retroactive to July 2, 2007. (Id. at 9.)  After this

8    determination Rudolph asked Standard to review her claims again. Standard again sent her

9    records to a physician consultant, Dr. Reynard. After this review Standard reaffirmed its decision

10   to deny the claim on February 25, 2011. (Id. at 10.)

11   Rudolph is suing her Standard to receive benefits she believes were wrongfully denied

12   under her long term disability plan. (Dkt. No. 1 at 3.) She is seeking in addition to past and future

13   benefits under the policy, attorney's fees, treble damages under the Washington State Consumer

14   Protection Act and WAC 284-30, and damages for bad faith and negligence. She seeks an

15   injunction prohibiting Standard from denying benefits into the future. (Id.) In her amended

16   complaint, Rudolph lists ERISA as an alternative claim. (Id.) Plaintiff seeks partial summary

17   judgment holding:

18       1.   That Rudolph has been disabled from her occupation since at least July, 2007

19       2.   That Rudolph is entitled to coverage under the LTD policy

20       3.   That Standard violated industry standards and Washington's Unfair Claims Settlement
             Practices Regulation (WAC 284-30) at least by (a) misrepresenting facts or policy
21           provisions, (b) failing to perform a full and fair investigation before denying coverage,
             (c) failing to complete the investigation in a timely fashion, and (d) failing to provide a
22           reasonable explanation of the basis for denial in relation to the facts and applicable law.

23

24

**Analysis**

A.  Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

B.  There is an issue of fact as to whether Rudolph has been disabled from her occupation since at least July 2007 and whether she is Entitled to Coverage

The question presented is whether there is any disputed issue of fact as to whether Rudolph has been disabled from her occupation since 2007, based on all the information available to the Court. If she was, then she is entitled to coverage by the parties agreed to understanding of the terms of the policy.

1    Standard has presented the findings of their physician consultants finding Rudolph not

2    disabled by her visual conditions. Of Standard's doctors, Dr. Palmer actually examined Rudolph.

3    Dr. Palmer found there was no ocular abnormality creating a vision disability, and that there was

4    an "emotional overlay" to Rudolph's condition. (Dkt. No. 41 at 12.) These findings are

5    contradicted by several of the records Rudolph produced from her treating physicians. The many

6    conflicts in medical findings leave open questions of material fact as to Rudolph's disability and

7    make summary judgment inappropriate. Summary judgment is DENIED on the claim of

8    Rudolph's disability from her own occupation since 2007.

9        The question of coverage is predicated on the question of disability. There is no disagreement

10   as to the requirements for coverage. To be covered under the LTD policy, a person must be

11   disabled from his or her own occupation. As discussed above, there is an issue of fact as to

12   whether Rudolph has been disabled from her own occupation since July 2007. This creates an

13   issue of fact on the question of coverage. Summary judgment is DENIED on the claim that

14   Rudolph is entitled to coverage under Standard's LTD policy.

15

16   *C.*   There are questions of fact precluding summary judgment on the allegations under WAC
         284-30

17

18         *1.   It is Unclear Whether Standard Misrepresented the Appeals Process in Violation
              of WAC 284-30*

19       WAC 284-30-330(1) defines as an unfair method of competition and deceptive act the

20   misrepresentation of any pertinent facts or insurance policy provisions. On July 3, 2008, Shawna

21   Greene sent a letter to Rudolph on behalf of Standard denying her claim. (Dkt. No. 34-1 at 12.)

22   This letter describes the appeals process. On Page 4, it says, "If you request a review, it will be

23   conducted by an individual who was not involved in the original decision." (Id. at 16.) Rudolph

24   requested such a review on August 25, 2008. (Dkt. No. 34-1 at 18.) Greene sent another letter on

1   December 1, 2009 affirming the initial decision. (Id. at 42.) This letter said the claim was being

2   sent to a second round of reviews by an administrative review board. Rudolph claims this two

3   step process was not described in the initial letter informing her of the appeal rights, and was

4   therefore misleading about the process.

5          Standard refutes the misrepresentation claim in their response by referencing a letter from

6   August 29, 2008, also from Ms. Greene, indicating that she will review her own decision as the

7   first line in the appeals process. (Dkt. No. 41 at 22.) This referral to independent review seems to

8   have been automatically triggered upon the second denial letter from Shawna Greene with no

9   further action required by Rudolph. (Dkt. No. 34-1 at 42.) Based on the information available, it

10  is unclear that there was a misrepresentation of the appeals process constituting a violation of

11  WAC 284-30 and summary judgment is DENIED on this claim.

12          *2.   There is an Issue of Fact as to Whether Standard Failed to Provide a Full and
               Fair Investigation Before Denying Coverage in Violation of WAC 284-30*

13
     WAC 284-30-330 (4) defines as an unfair practice refusing to pay claims without
14
     conducting a reasonable investigation.
15
         "An insurer's duty of good faith is separate from its duty to indemnify if coverage exists.
16       This result creates no insurmountable burden on the insurer. The insurer is only required
         to fulfill its contractual and statutory obligation to fully and fairly investigate the claim.
17       The problem arises when the insurer fails to investigate, in bad faith, thereby placing the
         insured in the difficult position of having to perform its insurer's statutory and
18       contractual obligations."

19  Coventry Associates v. American States Insurance Co., 136 Wn.2d 269, 279 (1998). The

20  question is whether Standard's conduct constitutes a "full and fair" investigation. Rudolph

21  argues that Standard knew, according to statements made in their deposition, Rudolph reported

22  suffering headaches and dizziness, had a diagnosis of anxiety, and had reported suffering from

23  depression. (Dkt. No. 34-2 at 12.)  What Standard says, however, is that they investigated these

24

ORDER DENYING PARTIAL SUMMARY
JUDGMENT- 6

diagnoses in their review of the case files. (Id.) Rudolph also argues that Standard did not contact treating physicians or her last place of employment, and failed to investigate her depression and anxiety, thus falling below the industry standard of "full and fair" investigation. (Dkt. No. 32 at 17.)

The allegation that Standard did not conduct a full and fair investigation by failing to investigate Rudolph's depression and anxiety disorder fails. There is no indication that Rudolph, in the initial claim or the appeal, reported anxiety or depression as part of her disability. It is unclear at best that Standard had an obligation to investigate disorders of which it was never made aware. It is similarly unclear that Standard's failure to contact treating physicians and Rudolph's employer violated the full and fair investigation requirement. Rudolph cites no authority indicating that an insurance company's reliance on medical records from treating physicians, evaluated by their own physicians, fails to meet the full and fair investigation standard. With the information available, the Court should DENY summary judgment on the claim that Standard violated WAC 284-30 by failing to provide a full and fair investigation.

### 3. There is a Fact Issue as to Whether Standard Failed to Timely Compete the Investigation in Violation of WAC 284-30

In its July 3rd letter, referenced above, Standard said the appeal would take 60 days unless circumstances beyond their control required an extension of an additional 60 days. (Dkt. No. 50 at 9.) Standard received Rudolph's appeal on August 25, 2008. (Dkt. No 34-1 at 18.) Shawna Greene sent Rudolph the first denial letter on her appeal on December 1, 2008. (Dkt. No. 34-1 at 39.) The letter with this decision indicated that "an independent review" of the decision was being referred to the administrative unit. (Id. at 132.) The independent review was completed February 24, 2009. (Dkt. No. 34-1 at 55.) It is unclear whether this timeline, under the

circumstances, was unreasonable under WAC 284-30. Summary judgment is DENIED on the claim that Standard failed to timely investigate Rudolph's claim in Violation of WAC 284-30.

4. *There is an Issue of Fact as to whether Standard to Provide a Reasonable Explanation of the Basis for Denial in Relation to the Facts and Applicable Law.*

As discussed above, there is an issue of fact as to whether Standard's failure to consult with treating physicians, discover the anxiety and depression diagnoses, and contact Rudolph's work demonstrate they failed to provide a "full and fair" investigation. Likewise, there is an issue of fact as to whether stating their physician consultants reasoning for denial of the claim, failing to address the anxiety and depression issues, and relying on their consultant's explanation of Rudolph's work requirements was a "reasonable explanation" under WAC 284-30. Without more, it is unclear that their reliance on these sources was improper to the point of violating WAC 284-30. Summary judgment is DENIED for the claim that Standard failed to provide a reasonable explanation of the basis for denial in relation to the facts and applicable law in violation of WAC 284-30.

## <u>Conclusion</u>

Based on the record, there are issues of material fact precluding summary judgment on all of the claims Plaintiff seeks to have resolved at this time. Conflicting testimony from physicians precludes summary judgment on the issue of disability, and therefore on the issue of coverage. Likewise, Standard's handling of the insurance claim leaves open questions of fact and reasonableness, and does not clearly violate WAC 284-30. The open questions of fact make summary judgment inappropriate and the motion is DENIED on all claims.

/

/

/

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 17th day of December, 2012.

3

4

5    _____
     Marsha J. Pechman

6    Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PARTIAL SUMMARY
JUDGMENT- 9